**AFFIRM; Opinion Filed January 21, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-19-00528-CR

### CALEB BOON EDWARDS, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the County Court at Law No. 5**
**Collin County, Texas**
**Trial Court Cause No. 005-86540-2018**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Evans
Opinion by Justice Reichek

Following a bench trial, the trial court convicted Caleb Boon Edwards of misdemeanor assault causing bodily injury and assessed punishment at 180 days in county jail, probated for two years. In a single issue, appellant contends the evidence was insufficient to support his conviction. We affirm the trial court's judgment.

Callie Robinson testified that Rachel Renshaw was her best friend. Renshaw was also appellant's girlfriend. On June 26, 2018, appellant and Renshaw argued. When appellant ignored Renshaw's text messages, Renshaw went to confront him at the house of Rafael "Rafa" Olvera, where appellant was staying. Robinson went with her.

When they arrived, Renshaw and appellant began yelling at each other in the front yard. Robinson tried to separate the two so that they could calm down, but Renshaw became angry with Robinson and tried to hit her. Olvera watched. Robinson said appellant grabbed her and Renshaw by the throats and slammed them against the car. Robinson said she could not breathe for ten or fifteen seconds and had to pry appellant's hands from her throat. She testified it was painful.

Appellant and Olvera went back into the house, and Robinson and Renshaw sat outside on the curb and calmed down. A little later, appellant and Olvera came outside, and the group moved over by the car and talked. Robinson said that by that point, everything had "simmered down." At one point, Robinson reached into the car and felt a burn on the back of her leg. She turned around and saw appellant "just pulling his cigarette back." When Robinson asked why he burned her, appellant laughed and said "for revenge." Robinson said the burn caused her pain.

After appellant burned her, Robinson and Renshaw left. That night and the next day, Robinson tried to convince Renshaw to go with her to the police to report the assault, but Renshaw did not want to get appellant in trouble. An audio recording of part of their conversation was admitted into evidence at trial. On the recording, Robinson brought up the fact that appellant had "strangled" both of them and burned her with a cigarette. Renshaw responded that she was not "fazed" by the incident because of other abuse she had endured from someone else in the past. Renshaw also said she could not help Robinson when appellant was choking her because appellant was holding her too, but she said she yelled at him to let go. The morning following the incident, Robinson took photographs of the bruises on her neck and the burn mark on her leg with her phone; the photographs were admitted into evidence at trial. Two days after the assault, she reported the incident to the police.

Officer Jared Crawley of the Farmersville Police Department took the report. Robinson showed him where appellant burned her with his cigarette and where she was choked. Officer

Crawley testified that he did not see any injuries to her neck but did see the burn mark on her leg. Officer Crawley forwarded the report to Detective John Williams, who investigated the assault. After Detective Williams talked to Robinson, he contacted appellant and asked him to come in to give "his side of the story." Appellant agreed.

The interview with appellant was recorded, and appellant was given his *Miranda*[1] warnings. Appellant discussed the incident and also gave a written statement. He told Detective Williams that Robinson and Renshaw came to the house and got into an argument. At first, he said, he "blew it off," but they "were making a scene," and he intervened. He said he got between them and pushed them apart. He denied choking either of them. He did, however, admit burning Robinson with a cigarette but said it was an accident.

In his defense, appellant called Olvera and Renshaw. Olvera had known both appellant and Robinson for many years. He testified Robinson and Renshaw got into a "heated" argument and were "in each other's faces." He said appellant stepped between them, grabbed them, put his hands on their shoulders, and pushed them apart. Olvera said after that, everything "was back to normal." He did hear Robinson say that she was burned with a cigarette, but he did not see it happen.

Renshaw said she went to the house to confront appellant and then got into a fight with Robinson. Renshaw said after she tried to hit Robinson, appellant jumped in and separated them. He pushed her at her chest, but she did not see where he put his hands on Robinson. After appellant broke them up, Renshaw said Robinson was "hysterical" and went after appellant. She did not see appellant burn Robinson with a cigarette. Renshaw agreed that the audio recording, made the day after the incident, was "in line" with Robinson's version of events.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

In his sole issue on appeal, appellant contends the evidence is insufficient to support his conviction for assault.

In reviewing the sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Thus, when performing an evidentiary review, we may not reevaluate the weight and credibility of the evidence in the record and thereby substitute our judgment for that of the factfinder. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018).

A person commits assault if he intentionally, knowingly, or recklessly causes bodily injury to another person. TEX. PENAL CODE ANN. § 22.01(a)(1). "Bodily injury" is broadly defined as "physical pain, illness, or any impairment of physical condition." *Id*. § 1.07(a)(8). Any physical pain, however minor, will suffice to establish bodily injury. *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). Here, the information alleged appellant caused Robinson bodily injury by "grabbing and choking" her with his hand and by burning her leg with a cigarette.

Appellant argues the evidence is insufficient because (1) two witnesses (Olvera and Renshaw) testified that he did not choke Robinson, (2) Officer Crawley said he did not see an injury to her throat or neck, (3) no one saw appellant burn Robinson with the cigarette, and (4) he testified that he accidently burned her. Appellant's argument is nothing more than an attack on the credibility determination made by the trial judge.

Robinson testified that after Renshaw attempted to hit her, appellant intervened, grabbed both of them by the neck, and slammed them against the car. Robinson said she could not breathe

and had to pry his hand from her throat. She said it was painful. Whether the police officer was able to see any injury two days later is not dispositive. Robinson took photographs of her injuries and the photographs were before the trial court as evidence. After the situation had "simmered down," Robinson said she reached into the car and felt a burning sensation on her leg. She turned around and saw appellant pulling back his cigarette. When she asked why he burned her, he laughed and said "for revenge." This remark, made by appellant immediately afterwards, was sufficient for a factfinder to believe that appellant burned Robinson on purpose. Any conflicts in the evidence regarding the choking or burning were for the factfinder to resolve.

Having reviewed the evidence, we conclude it is sufficient for a reasonable factfinder to conclude beyond a reasonable doubt that appellant intentionally, knowingly, or recklessly choked and burned Robinson, causing her pain. We overrule the sole issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
190528F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CALEB BOON EDWARDS, Appellant

No. 05-19-00528-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5, Collin County, Texas
Trial Court Cause No. 005-86540-2018.
Opinion delivered by Justice Reichek;
Justices Molberg and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of January, 2020.